# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDRICK CHARLES PARKER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2011** |
| **BRAD SCOTT, ET AL.** | **SECTION "B" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Fredrick Charles Parker, Jr., a state pretrial detainee, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Brad Scott and Judge Michael P. Mentz. In this lawsuit, plaintiff complains that he is being denied his right to a speedy trial in his state criminal proceedings. As relief, he seeks $14,900,000 in monetary damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[2] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II. Plaintiff's Claim

In his complaint, plaintiff states his claim as follows:

Around February, 2014 I wrote Mr. Brad Scott (Public Defender) asking him to file a speedy trial motion for me. By March he wrote me back denying me the opportunity for a speedy trial. Around July 16, 2014 I filed a pro se motion to the court for a speedy trial and was denied by the 24th District Court Parish of Jefferson, which was signed and dated by Michael P. Mentz (Judge). I also begged Mr. Brad Scott in person on an attorney visit to file for a speedy trial and or final disposition, and he has still refused to do so.[3]

Plaintiff attached a letter from Scott to the complaint. In that letter, Scott stated:

I received your letter dated 3-3-14. I have also received the letter from your mother. We will be ready for trial as soon as I can lay the groundwork to have the letter that came with the check authenticated without you having to testify. Since I am not ready for trial until then, I cannot file a Speedy Trial Motion.
As for the other motions – I cannot file those either. They will be a waste of time. There is no such thing as a motion to dismiss & even if there was, there are no grounds. A bill of particulars is not necessary as I know exactly what they are alleging you did. There is no such thing as a motion to reduce charges.
I will keep you informed as I discuss things with your mother & my investigator.[4]

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Rec. Doc. 1, p. 5.

[4] Rec. Doc. 1, p. 8.

3

Lastly, plaintiff also attached to the complaint a ruling from Judge Mentz, in which the judge held:

> This matter comes before the Court on the defendant's motion for speedy trial and/or final disposition filed pro se.
> Petitioner currently is represented by counsel. A defendant who is represented by counsel has no Sixth Amendment right to participate as co-counsel. He cannot be both represented and representative. State v. McCabe, 420 So.2d 955 (1982). Therefore, the court will not entertain any motion filed by the defendant pro se.
> Accordingly,
> IT IS ORDERED BY THE COURT that the defendant's motion be and the same is hereby denied.[5]

Plaintiff's claim against his public defender, Brad Scott, clearly fails. As noted, plaintiff filed this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, for the claim against Scott to be cognizable pursuant to § 1983, he must have acted under color of state law. However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant

---

[5] Rec. Doc. 1, p. 9.

in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, the claim against Scott must be dismissed.[6]

Plaintiff's claim against Judge Mentz must likewise be dismissed, because he simply cannot be held liable for monetary damages under § 1983. His absolute judicial immunity would protect him from any such claim asserted against him in his *individual* capacity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Further, any such claim against him in his *official* capacity would be barred for two reasons. First, he is a state official, and a state official in his official capacity is not considered a "person" amenable to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009). Second, because an official-capacity claim against him would in reality be a claim against the state itself, any such claim would also be barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see

---

[6] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008). However, plaintiff makes no such claim in this proceeding.

also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this eighteenth day of September, 2014.

                                      *Daniel E. Knowles, III*
                                      **DANIEL E. KNOWLES, III**
                                      **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.